IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARTER & KOHL ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-476-R |
| | ) |
| PRO TEC INC.; and | ) |
| PALWINDER SINGH | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss [Doc. No. 28] seeking dismissal of this action with prejudice pursuant to Rule 41(b). Plaintiff has failed to file a response and the motion could therefore be deemed confessed under LCvR7.1(g). Regardless of this specific failure, the Court finds that, under the circumstances shown by Defendants' motion and the case record, dismissal of Plaintiff's action with prejudice is just and appropriate.

Rule 41(b) of the Federal Rules of Civil Procedure permits involuntary dismissal of an action where "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] *See also Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir.2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). Dismissal is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d

---

[1] Defendants also move for dismissal under Rule 16(f) and Rule 37(c). Because the Court finds that dismissal under Rule 41(b) is warranted, it is unnecessary to address these additional arguments.

916, 920 (10th Cir. 1992). To determine whether dismissal is a just sanction, the following factors are considered: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (internal quotation marks and citations omitted); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (applying factors to dismissal under Rule 41(b)).

In the Court's assessment, all of these factors weigh in favor of dismissal. Plaintiff has repeatedly ignored scheduling deadlines and failed to comply with its discovery obligations, including by failing to initially respond to Defendants' discovery requests, twice failing to timely file its witness and exhibit lists, failing to provide the initial disclosures required by Rule 26(a)(1)(A), and failing to preserve evidence. Even though the Court previously imposed monetary sanctions on Plaintiff, it has continued to disregard scheduling deadlines and applicable procedural rules. This conduct has significantly prejudiced Defendants as they cannot defend this action without obtaining relevant information sought in discovery. Plaintiff's conduct has also hindered the Court's management of its docket and caused unnecessary burdens on the Court and Defendants. Plaintiff offers no explanation for its behavior, which has occurred repeatedly over a number of months. Further, Plaintiff was placed on notice that dismissal is possible via Defendants' motion and the Court's prior sanctions have been ineffective at obtaining compliance. Under these circumstances, dismissal of this action with prejudice is warranted.

Defendants' Motion to Dismiss [Doc. No. 28] is therefore GRANTED and this action is dismissed with prejudice.

IT IS SO ORDERED this 20th day of September, 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE